**FILED**

**MAY 14, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE HIBBLER**
**MAGISTRATE JUDGE VALDEZ**

| | | |
|---|---|---|
| STARICE BRIGGS and JOSE LEWIS POLANCO-WEBB, individually and as Parents and Next Friends of JOSE LEWIS POLANCO-WEBB II, a minor, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. **07 C 2714** |
| v. | ) ) | **WAH** |
| WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, PCC COMMUNITY WELLNESS CENTER, a corporation, KAROLE A. LAKOTA, M.D., and CAROLYN E. FITZPATRICK, M.D. | ) ) ) ) ) ) ) ) ) ) | Formerly case No. 07 L 000064, Circuit Court of Cook County, Illinois |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND**
**SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:    SEE ATTACHED SERVICE LIST

The UNITED STATES, by its attorney, PATRICK J. FITZGERALD, United States Attorney

for the Northern District of Illinois, submits this notice of removal of the above-captioned civil

action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 28 U.S.C. § 2679, and in support states the following:

1.      On January 3, 2007, plaintiffs commenced the above civil action against, among

others, the PCC COMMUNITY WELLNESS CENTER in the state court, alleging medical

malpractice. Copies of all process, pleadings and orders served upon the defendant are attached pursuant to 28 U.S.C. § 1446(a) as Exhibit A.

2.     This Notice of Removal is filed in accordance with 28 U.S.C. § 2679(d) upon certification by the designee of the Attorney General of the United States, that the defendant PCC Community Wellness Center was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233 at the time of the incident out of which the claim arose. *See* Certification attached as Exhibit B.

3.     Notice of removal may be filed without bond at any time before trial. Trial has not yet been had in this action.

4.     Pursuant to the Certification by the Attorney General's designee and the filing of this Notice of Removal, this civil action shall be deemed an action against the United States under 28 U.S.C. § 2679, and the United States shall be substituted as the party defendant in lieu of PCC COMMUNITY WELLNESS CENTER.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois is properly removed to this court pursuant to 28 U.S.C. § 2679(d).

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____
     ANN L. WALLACE
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 886-9082

2

SERVICE LIST

Clerk of the Court
Circuit Court of Cook County
Daley Center, Room 801
Chicago, Illinois 60602

Plaintiffs' Attorney:
Anthony G. Argeros, L.L.C.
10 South LaSalle Street, Suite 3300
Chicago, Illinois 60603
(312) 332-1100

Robert J. Urso
Registered Agent
PCC Community Wellness Center
14 West Lake
Oak Park, Illinois 60302

Carolyn E. Fitzpatrick, M.D.
7411 West Lake Street
River Forest, Illinois 60305

Joseph F. Toomey
Registered Agent
West Suburban Hospital Medical Center
7435 West Talcott
Chicago, Illinois 60631

Joseph F. Toomey
Registered Agent
Resurrection Health Care
7435 West Talcott
Chicago, Illinois 60631

Karole A. Lakota, M.D.
PCC Community Wellness Center
14 West Lake
Oak Park, Illinois 60302

## CERTIFICATE OF SERVICE

ANN L. WALLACE, one of the attorneys for the United States, hereby certifies that he caused a copy of the foregoing, **NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**, to be placed in a postage-paid envelope addressed to the following individual(s) and deposited in the United States mail in the United States Courthouse at Chicago, Illinois, on May 14, 2007:

To:

Clerk of the Court
Circuit Court of Cook County
Daley Center, Room 801
Chicago, Illinois 60602

Plaintiffs' Attorney:
Anthony G. Argeros, L.L.C.
10 South LaSalle Street, Suite 3300
Chicago, Illinois 60603
(312) 332-1100

Robert J. Urso
Registered Agent
PCC Community Wellness Center
14 West Lake
Oak Park, Illinois 60302

Carolyn E. Fitzpatrick, M.D.
7411 West Lake Street
River Forest, Illinois 60305

Joseph F. Toomey
Registered Agent
West Suburban Hospital Medical Center
7435 West Talcott
Chicago, Illinois 60631

Joseph F. Toomey
Registered Agent
Resurrection Health Care
7435 West Talcott
Chicago, Illinois 60631

Karole A. Lakota, M.D.
PCC Community Wellness Center
14 West Lake
Oak Park, Illinois 60302

ANN L. WALLACE
Assistant United States Attorney

4

*EXHIBIT A*

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS -SUMMONS |

(Rev. 12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

STARICE BRIGGS and JOSE LEWIS POLANCO-WEBB,  )
Individually and as Parents and Next Friends of  )
JOSE LEWIS POLANCO-WEBB II, a minor,  )
                                      )
            Plaintiffs,  )
                                        ) No.    2007L000064
    vs.                                 )     CALENDAR/ROOM F
                                        )     TIME 00:00
WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation  )
n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation,  )     Please See Attached Service List
RESURRECTION HEALTH CARE, a corporation, PCC COMMUNITY  )
WELLNESS CENTER, a corporation,  )
KAROLE A. LAKOTA, M.D., and CAROLYN E. FITZPATRICK, M.D.,  )
                                        )
            Defendants.          )

### SUMMONS

To each defendant:

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*801, Chicago, Illinois 60602)

      X  Richard J. Daley Center, 50 W. Washington, Room     801     , Chicago, Illinois 60602

| | | |
|---|---|---|
| ❏ District 2 - Skokie<br>   5600 Old Orchard Rd.<br>   Skokie, IL 60077 | ❏ District 3 - Rolling Meadows<br>   2121 Euclid<br>   Rolling Meadows, IL 60008 | ❏ District 4 - Maywood<br>   1500 Maybrook Ave.<br>   Maywood, IL 60153 |
| ❏ District 5 - Bridgeview<br>   10220 S. 76th Avenue<br>   Bridgeview, IL 60455 | ❏ District 6 - Markham<br>   16501 S. Kedzie Pkwy.<br>   Markham, IL 60426 | |

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

        This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, JAN 08 2007

Atty. No. 39931
Name    Anthony G. Argeros, L.L.C.                                  Clerk of Court
Atty. for Plaintiff(s)
Address  10 South LaSalle Street, Suite 3300
City    Chicago, Illinois  60603                         Date of service: _____ , _____
Telephone  (312) 332-1100                        (To be inserted by officer on copy left with
                                                     defendant or other person)

Serve by Facsimile Transmission will be accepted at: _____
           (Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SERVICE LIST

Joseph F. Toomey
Registered Agent
West Suburban Hospital Medical Center
7435 West Talcott
Chicago, Illinois 60631

Joseph F. Toomey
Registered Agent
Resurrection Health Care
7435 West Talcott
Chicago, Illinois 60631

Robert J. Urso
Registered Agent
PCC Community Wellness Center
14 West Lake
Oak Park, Illinois 60302

Karole A. Lakota, M.D.
PCC Community Wellness Center
14 West Lake
Oak Park, Illinois 60302

Carolyn E. Fitzpatrick, M.D.
7411 West Lake Street
River Forest, Illinois 60305

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

STARICE BRIGGS and JOSE LEWIS POLANCO-WEBB,    )
Individually and as Parents and Next Friends of    )
JOSE LEWIS POLANCO-WEBB II, a minor,    )
    )
    Plaintiffs,    )
    )
    )
    vs.    ) No.
    )
WEST SUBURBAN HOSPITAL MEDICAL CENTER,    )
a corporation n/k/a WEST SUBURBAN MEDICAL    )2007L000064
CENTER, a corporation, RESURRECTION    )CALENDAR/ROOM F
HEALTH CARE, a corporation, PCC COMMUNITY    )TIME 00:00
WELLNESS CENTER, a corporation,    )Medical Malpractice
KAROLE A. LAKOTA, M.D.,    )
and CAROLYN E. FITZPATRICK, M.D.,    )
    )
    Defendants.    )

### COMPLAINT AT LAW

NOW COME the Plaintiffs STARICE BRIGGS, and JOSE LEWIS POLANCO-

WEBB Individually and as Parents and Next Friends of JOSE LEWIS POLANCO-

WEBB II, a minor, through their attorneys ANTHONY G. ARGEROS, L.L.C., and

complaining of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a

corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation,

RESURRECTION HEALTH CARE, a corporation, PCC COMMUNITY WELLNESS

CENTER, a corporation, KAROLE A. LAKOTA, M.D., CAROLYN E. FITZPATRICK,

M.D., and each of them, states:

## COUNT I

### Medical Negligence - Personal Injury

For Count I of their Complaint against defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, PCC COMMUNITY WELLNESS CENTER, a corporation, KAROLE A. LAKOTA, M.D. and CAROLYN E. FITZPATRICK, M.D., and each of them, plaintiffs STARICE BRIGGS, and JOSE LEWIS POLANCO-WEBB as Parents and Next Friends of JOSE LEWIS POLANCO-WEBB II, a minor, state and support as follows:

1.     At all times mentioned herein, defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, were corporations organized and existing under the laws of the State of Illinois, and which owned, operated, managed, maintained and controlled a certain hospital then commonly known as WEST SUBURBAN HOSPITAL MEDICAL CENTER in the Village of Oak Park, County of Cook and State of Illinois where they provided medical and surgical hospital services for persons suffering from various ailments.

2.     At all times mentioned herein, defendant, PCC COMMUNITY WELLNESS CENTER, was a corporations organized and existing under the laws of the State of Illinois, and which owned, operated, managed, maintained and controlled a certain family practice medical clinic in the Village of Oak Park, County of Cook and State of Illinois where they provided medical services for persons suffering from various ailments.

2

3. On information and belief, at all times mentioned herein, defendant, KAROLE A. LAKOTA, M.D., was a physician licensed to practice medicine in the State of Illinois and was the actual agent of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, employed as a family practice staff physician, and was acting within her course and scope of such agency.

4. On information and belief, at all times mentioned herein, defendant, CAROLYN E. FITZPATRICK, M.D., was a physician licensed to practice medicine in the State of Illinois and was the actual agent of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, employed as a family practice resident, and was acting within her course and scope of such agency.

5. On January 4, 2003, plaintiff STARICE BRIGGS, was under the care of the defendant KAROLE A. LAKOTA, M.D., for the purpose of obtaining medical and/or surgical services in relation to her pregnancy with minor plaintiff JOSE LEWIS POLANCO-WEBB II.

6. On January 4, 2003, plaintiff STARICE BRIGGS, was under the care of the defendant CAROLYN E. FITZPATRICK, M.D., for the purpose of obtaining medical and/or surgical services in relation to her pregnancy with minor plaintiff JOSE LEWIS POLANCO-WEBB II.

7. On January 4, 2003, plaintiff STARICE BRIGGS, was under the care of

3

numerous other healthcare providers who were agents of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, and acting within their course and scope of such agency.

8. On January 4, 2003, minor plaintiff JOSE LEWIS POLANCO-WEBB II, was under the care of the defendant KAROLE A. LAKOTA, M.D., for the purpose of obtaining medical and/or surgical services in relation to her pregnancy with minor plaintiff JOSE LEWIS POLANCO-WEBB II.

9. On January 4, 2003, minor plaintiff JOSE LEWIS POLANCO-WEBB II, was under the care of the defendant CAROLYN E. FITZPATRICK, M.D., for the purpose of obtaining medical and/or surgical services in relation to her pregnancy with minor plaintiff JOSE LEWIS POLANCO-WEBB II.

10. On January 4, 2003, minor plaintiff JOSE LEWIS POLANCO-WEBB II, was under the care of numerous other healthcare providers who were agents of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, and acting within their course and scope of such agency.

11. At all times mentioned herein, it was the duty of the defendant, KAROLE A. LAKOTA, M.D., to provide care and medical services to plaintiff STARICE BRIGGS and the minor plaintiff JOSE LEWIS POLANCO-WEBB II, in accordance with the methods and practices of reasonably well-qualified family practice physicians under the

4

same or similar circumstances, such methods and practices being uniform throughout the United States.

12.   At all times mentioned herein, it was the duty of the defendant, CAROLYN E. FITZPATRICK, M.D., to provide care and medical services to plaintiff STARICE BRIGGS and the minor plaintiff JOSE LEWIS POLANCO-WEBB II, in accordance with the methods and practices of reasonably well-qualified family practice physicians under the same or similar circumstances, such methods and practices being uniform throughout the United States.

13.   At all times mentioned herein, it was the duty of any and all other healthcare providers who were agents of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, and acting within their course and scope of such agency to provide care and medical services to plaintiff STARICE BRIGGS and the minor plaintiff JOSE LEWIS POLANCO-WEBB II, in accordance with the methods and practices of reasonably well-qualified health care providers in their various fields of medicine under the same or similar circumstances, such methods and practices being uniform throughout the United States.

14.   On January 4, 2003, various agents, including, but not limited to KAROLE A. LAKOTA, M.D. and CAROLYN E. FITZPATRICK, M.D., of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, and

5

acting within their course and scope of such agency of their respective agency

relationships, breached their duties as aforesaid in one or more of the following respects:

    a.    Negligently failed to recognize fetal distress and hypoxia in a timely manner and promptly take reasonably necessary action to emergently deliver the minor plaintiff so as to prevent hypoxic ischemic insult to his brain and body;

    b.    Was otherwise careless and negligent.

    15.    As a direct and proximate result of one or more of the aforementioned acts

of negligence, the minor plaintiff, JOSE LEWIS POLANCO-WEBB II, suffered

prolonged hypoxia during his delivery and thus sustained hypoxic ischemic insult to his

brain and body and was thereby seriously and permanently injured and will continue to

suffer damages of a personal and pecuniary nature.

    16.    The Affidavit of the plaintiff's counsel, pursuant to 735 ILCS 5/2-

622(a)(3), is attached hereto as Exhibit "A" and incorporated by reference herein as if

fully set forth in this complaint.

    WHEREFORE, the Plaintiffs STARICE BRIGGS, and JOSE LEWIS

POLANCO-WEBB as Parents and Next Friends of JOSE LEWIS POLANCO-WEBB II,

a minor, demand judgment against the defendants, WEST SUBURBAN HOSPITAL

MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a

corporation, RESURRECTION HEALTH CARE, a corporation, PCC COMMUNITY

WELLNESS CENTER, a corporation, KAROLE A. LAKOTA, M.D. and CAROLYN E.

FITZPATRICK, M.D., and each of them,, in an amount in excess of FIFTY THOUSAND

(50,000.00) DOLLARS, plus costs.

## COUNT II

### Medical Negligence - Family Expense Act

For Count II of their Complaint against defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, PCC COMMUNITY WELLNESS CENTER, a corporation, KAROLE A. LAKOTA, M.D. and CAROLYN E. FITZPATRICK, M.D., and each of them, plaintiffs STARICE BRIGGS, and JOSE LEWIS POLANCO-WEBB individually, state and support as follows:

1.     At all times mentioned herein, defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, were corporations organized and existing under the laws of the State of Illinois, and which owned, operated, managed, maintained and controlled a certain hospital then commonly known as WEST SUBURBAN HOSPITAL MEDICAL CENTER in the Village of Oak Park, County of Cook and State of Illinois where they provided medical and surgical hospital services for persons suffering from various ailments.

2.     At all times mentioned herein, defendant, PCC COMMUNITY WELLNESS CENTER, was a corporations organized and existing under the laws of the State of Illinois, and which owned, operated, managed, maintained and controlled a certain family practice medical clinic in the Village of Oak Park, County of Cook and State of Illinois where they provided medical services for persons suffering from various ailments.

7

3.    On information and belief, at all times mentioned herein, defendant, KAROLE A. LAKOTA, M.D., was a physician licensed to practice medicine in the State of Illinois and was the actual agent of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, employed as a family practice staff physician, and was acting within her course and scope of such agency.

4.    On information and belief, at all times mentioned herein, defendant, CAROLYN E. FITZPATRICK, M.D., was a physician licensed to practice medicine in the State of Illinois and was the actual agent of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, employed as a family practice resident, and was acting within her course and scope of such agency.

5.    On January 4, 2003, plaintiff STARICE BRIGGS, was under the care of the defendant KAROLE A. LAKOTA, M.D., for the purpose of obtaining medical and/or surgical services in relation to her pregnancy with minor plaintiff JOSE LEWIS POLANCO-WEBB II.

6.    On January 4, 2003, plaintiff STARICE BRIGGS, was under the care of the defendant CAROLYN E. FITZPATRICK, M.D., for the purpose of obtaining medical and/or surgical services in relation to her pregnancy with minor plaintiff JOSE LEWIS POLANCO-WEBB II.

8

7.      On January 4, 2003, plaintiff STARICE BRIGGS, was under the care of numerous other healthcare providers who were agents of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, and acting within their course and scope of such agency.

8.      On January 4, 2003, minor plaintiff JOSE LEWIS POLANCO-WEBB II, was under the care of the defendant KAROLE A. LAKOTA, M.D., for the purpose of obtaining medical and/or surgical services in relation to her pregnancy with minor plaintiff JOSE LEWIS POLANCO-WEBB II.

9.      On January 4, 2003, minor plaintiff JOSE LEWIS POLANCO-WEBB II, was under the care of the defendant CAROLYN E. FITZPATRICK, M.D., for the purpose of obtaining medical and/or surgical services in relation to her pregnancy with minor plaintiff JOSE LEWIS POLANCO-WEBB II.

10.     On January 4, 2003, minor plaintiff JOSE LEWIS POLANCO-WEBB II, was under the care of numerous other healthcare providers who were agents of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, and acting within their course and scope of such agency.

11.     At all times mentioned herein, it was the duty of the defendant, KAROLE A. LAKOTA, M.D., to provide care and medical services to plaintiff STARICE BRIGGS and the minor plaintiff JOSE LEWIS POLANCO-WEBB II, in accordance with the

9

methods and practices of reasonably well-qualified family practice physicians under the same or similar circumstances, such methods and practices being uniform throughout the United States.

12.     At all times mentioned herein, it was the duty of the defendant, CAROLYN E. FITZPATRICK, M.D., to provide care and medical services to plaintiff STARICE BRIGGS and the minor plaintiff JOSE LEWIS POLANCO-WEBB II, in accordance with the methods and practices of reasonably well-qualified family practice physicians under the same or similar circumstances, such methods and practices being uniform throughout the United States.

13.     At all times mentioned herein, it was the duty of any and all other healthcare providers who were agents of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, and acting within their course and scope of such agency to provide care and medical services to plaintiff STARICE BRIGGS and the minor plaintiff JOSE LEWIS POLANCO-WEBB II, in accordance with the methods and practices of reasonably well-qualified health care providers in their various fields of medicine under the same or similar circumstances, such methods and practices being uniform throughout the United States.

14.     On January 4, 2003, various agents, including, but not limited to KAROLE A. LAKOTA, M.D. and CAROLYN E. FITZPATRICK, M.D., of one or more of the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION

HEALTH CARE, a corporation, and/or PCC COMMUNITY WELLNESS CENTER, and acting within their course and scope of such agency of their respective agency relationships, breached their duties as aforesaid in one or more of the following respects:

    a.    Negligently failed to recognize fetal distress and hypoxia in a timely manner and promptly take reasonably necessary action to emergently deliver the minor plaintiff so as to prevent hypoxic ischemic insult to his brain and body;

    b.    Was otherwise careless and negligent.

15.    As a direct and proximate result of one or more of the aforementioned acts of negligence, the minor plaintiff, JOSE LEWIS POLANCO-WEBB II, suffered prolonged hypoxia during his delivery and thus sustained hypoxic ischemic insult to his brain and body and was thereby seriously and permanently injured and will continue to suffer damages of a personal and pecuniary nature.

16.    The Affidavit of the plaintiffs' counsel, pursuant to 735 ILCS 5/2-622(a)(3) is attached hereto as Exhibits "A" incorporated by reference herein as if fully set forth in this complaint.

17.    At all times relevant, the Rights of Married Persons Act, 750 ILCS 65/15, commonly referred to as the "Family Expense Act" was in full force and effect, and by operation thereof, plaintiffs STARICE BRIGGS, and JOSE LEWIS POLANCO, as the natural parents of minor plaintiff JOSE LEWIS POLANCO-WEBB II have incurred, and will continue to incur and become obligated to pay, various family expenses, educational expenses and medical expenses as a direct and proximate result of the injuries sustained by minor plaintiff JOSE LEWIS POLANCO-WEBB II.

18.    Plaintiff STARICE BRIGGS or JOSE LEWIS POLANCO did not know, and had no reason to know, the injury to the minor plaintiff JOSE LEWIS POLANCO-WEBB II and their resulting pecuniary damages were wrongfully caused, until July 12, 2006 at the latest.

WHEREFORE, the Plaintiffs STARICE BRIGGS, and JOSE LEWIS POLANCO-WEBB individually, demand judgment against the defendants, WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, PCC COMMUNITY WELLNESS CENTER, a corporation, KAROLE A. LAKOTA, M.D. and CAROLYN E. FITZPATRICK, M.D., and each of them, in an amount in excess of FIFTY THOUSAND (50,000.00) DOLLARS, plus costs.


Respectfully submitted,


ANTHONY G. ARGEROS, L.L.C.
Attorneys for Plaintiffs



Attorney I.D. No. 39931
ANTHONY G. ARGEROS, L.L.C.
10 South LaSalle Street - Suite 3300
Chicago, Illinois 60603
(312) 332-1100

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| STARICE BRIGGS and JOSE LEWIS POLANCO-WEBB, Individually and as Parents and Next Friends of JOSE LEWIS POLANCO-WEBB II, a minor, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. ) |
| WEST SUBURBAN HOSPITAL MEDICAL CENTER, a corporation n/k/a WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE, a corporation, PCC COMMUNITY WELLNESS CENTER, a corporation, KAROLE A. LAKOTA, M.D., and CAROLYN E. FITZPATRICK, M.D., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### AFFIDAVIT PURSUANT TO SECTION 2-622(a)(3)
### OF THE ILLINOIS CODE OF CIVIL PROCEDURE

ANTHONY G. ARGEROS, being first duly sworn on oath, deposes and states as follows:

1. I am one of the attorneys for the STARICE BRIGGS and JOSE LEWIS POLANCO-WEBB, Individually and as Parents and Next Friends of JOSE LEWIS POLANCO-WEBB II, a minor, in this cause.

2. The plaintiff has not previously voluntarily dismissed any cause of action based upon the same or substantially the same acts, omissions, or occurrences as set forth in the Complaint at Law.

3. Requests for the complete maternal and pediatric hospital charts pursuant

to 735 ILCS 5/8-2001 have been made upon defendant WEST SUBURBAN HOSPITAL

MEDICAL CENTER on or about July 21, 2006. (See, Requests attached hereto as Group

Exhibit "A").

4.     More than sixty (60) days have passed since the aforesaid request, and as

of this filing, said defendant has failed to produce a complete copy of the hospital charts,

and has specifically failed to produce the fetal monitor strips and, on information and

belief, failed to produce other records portions of the hospital charts.

5.     Due to foregoing failure to comply with a lawful records request, I have

been unable to obtain a consultation pursuant to 735 ILCS 2-622(a)(1) and because a

statute of limitations would impair the action, and the consultation required could not be

obtained before the expiration of the statute of limitations for such reasons.

## VERIFICATION BY CERTIFICATION

Under penalties as provided by Section 1-109 of the Illinois Code of Civil
Procedure, the undersigned hereby certifies that the foregoing statements are true and
correct to the best of his knowledge and belief.

FURTHER AFFIANT SAYETH NOT

_____
ANTHONY G. ARGEROS

LAW OFFICES
## ANTHONY G. ARGEROS, L.L.C.



10 SOUTH LASALLE STREET
SUITE 3300
CHICAGO, ILLINOIS 60603

TELEPHONE (312) 332-1100
FACSIMILE (312) 332-0644

ANTHONY G. ARGEROS
aga@ArgerosLaw.com

www.ArgerosLaw.com

July 21, 2006

West Suburban Hospital
Attention: Medical Records Department
7420 West Central Avenue
River Forest, Illinois 60305

RE:   *Jose Lewis Polanco - Webb, a minor, by his mother and next of friend, Starice*
       *Briggs*
DOB: 1/ 4/03

Dear Sir or Madam:

Enclosed please find a medical records authorization which has been properly executed by our client Starice Briggs, on behalf of her minor child Jose Lewis Polanco - Webb.

At this time, I am requesting that you provide this office with a copy of your **complete office chart, including any and all consultation reports, or other records or reports of other healthcare providers , and any and all bills** relative to this patient.

Your early response to this request will be greatly appreciated. Should you have any questions or require additional information, please do not hesitate to contact the undersigned. Thank you for your cooperation.

Very truly yours,

Samantha Contini
Paralegal

Enclosure/
SAC

Group Exhibit "A"

# MEDICAL AUTHORIZATION

**NAME OF HOSPITAL OR DOCTOR:** West Suburban Hospital

**ADDRESS:** 7420 West Central Avenue, River Forest, IL 60305

**NAME OF PATIENT:** Jose Lewis Polanco-Webb (minor)

**ADDRESS:** 2923 W. 139th St., Blue Island, IL 60406

**DATE OF BIRTH:** 1/4/03 **SOCIAL SECURITY NUMBER:** _____

I, the undersigned, hereby authorize any health care provider who attended me, or any hospital at which I have been treated, to furnish ANTHONY G. ARGEROS, L.L.C., pursuant to the provisions of 735 ILCS 5/8-2001 and 5/8-2003, as well as pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (see Pub. L. 104-191 100 Stat 1936) (Federal Register, 164.508), with any and all patient health information which may be requested regarding my past or present physical or mental condition and treatment, including psychological or psychiatric counseling, care or treatment rendered to me, and to allow them or any person appointed by them to examine and copy any and all information which may be requested regarding my past or present physical or mental condition and treatment rendered and to allow them or any person appointed by them to examine and copy any and all records and x-rays which you may have regarding my condition or treatment.

This request is being made for legal purposes and I understand that the information obtained may be disclosed to other parties as reasonably required by ANTHONY G. ARGEROS, L.L.C., and thus no longer subject to any privilege. This authorization expires sixty (60) days from its date of execution, or upon my written revocation hereof. Any copy of this Authorization shall be considered as valid as the original.

7/21/06
DATE

PATIENT'S SIGNATURE

## ILLINOIS COMPILED STATUTES, CHAPTER 735

Section 8-2001 (in part): Every private and public hospital shall, upon the request of any patient who has been treated in such hospital and after his or her discharge therefrom, permit the patient or his or her physician or authorized attorney. . . to examine the hospital records, including but not limited to the history, besides notes, charts, pictures and plates, kept in connection with the treatment of such patient, and permit copies of such records to be made by him or her or his or her physician or authorized attorney. . .

Section 8-2003 (in part): Every physician and other healthcare practitioner except as provided in Section 8-2004, shall, upon the request of any patient who has been treated by such physician or practitioner, permit such patient's physician or authorized attorney or the holder of a Consent pursuant to Section 2-1003 to examine and copy the patient's records, including but not limited to those relating to the diagnosis, treatment, prognosis, history, charts, pictures and plates, kept in connection with the treatment of such patient.



LAW OFFICES

## ANTHONY G. ARGEROS, L.L.C.

10 SOUTH LASALLE STREET
SUITE 3300
CHICAGO, ILLINOIS 60603

ANTHONY G. ARGEROS
aga@ArgerosLaw.com

TELEPHONE (312) 332-1100
FACSIMILE (312) 332-0844

www.ArgerosLaw.com

July 21, 2006

West Suburban Hospital
Attention: Medical Records Department
7420 West Central Avenue
River Forest, Illinois 60305

RE:  *Starice Briggs*
DOB: 6/13/83
SSN: 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

Dear Sir or Madam:

Enclosed please find a medical records authorization which has been properly executed by our client Starice Briggs.

At this time, I am requesting that you provide this office with a copy of your **complete office chart, including any and all consultation reports, or other records or reports of other healthcare providers , and any and all bills** relative to this patient.

Your early response to this request will be greatly appreciated. Should you have any questions or require additional information, please do not hesitate to contact the undersigned. Thank you for your cooperation.

Very truly yours,

Samantha Contini
Paralegal

Enclosure/
SAC

## MEDICAL AUTHORIZATION

**NAME OF HOSPITAL OR DOCTOR:** West Suburban Hospital

**ADDRESS:** 7420 W. Central Avenue, River Forest, IL 60305

**NAME OF PATIENT:** Starice Briggs

**ADDRESS:** 2923 W. 139th St., Blue Island, IL 60406

**DATE OF BIRTH:** 6/13/83   **SOCIAL SECURITY NUMBER:** 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

I, the undersigned, hereby authorize any health care provider who attended me, or any hospital at which I have been treated, to furnish ANTHONY G. ARGEROS, L.L.C., pursuant to the provisions of 735 ILCS 5/8-2001 and 5/8-2003, as well as pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (see Pub. L. 104-191 100 Stat 1936) (Federal Register, 164.508), with any and all patient health information which may be requested regarding my past or present physical or mental condition and treatment, including psychological or psychiatric counseling, care or treatment rendered to me, and to allow them or any person appointed by them to examine and copy any and all information which may be requested regarding my past or present physical or mental condition and treatment rendered and to allow them or any person appointed by them to examine and copy any and all records and x-rays which you may have regarding my condition or treatment.

This request is being made for legal purposes and I understand that the information obtained may be disclosed to other parties as reasonably required by ANTHONY G. ARGEROS, L.L.C., and thus no longer subject to any privilege. This authorization expires sixty (60) days from its date of execution, or upon my written revocation hereof. Any copy of this Authorization shall be considered as valid as the original.

7/21/06
**DATE**

_Starice Briggs_
**PATIENT'S SIGNATURE**

## ILLINOIS COMPILED STATUTES, CHAPTER 735

Section 8-2001 (in part): Every private and public hospital shall, upon the request of any patient who has been treated in such hospital and after his or her discharge therefrom, permit the patient or his or her physician or authorized attorney. . . to examine the hospital records, including but not limited to the history, besides notes, charts, pictures and plates, kept in connection with the treatment of such patient, and permit copies of such records to be made by him or her or his or her physician or authorized attorney. . .

Section 8-2003 (in part): Every physician and other healthcare practitioner except as provided in Section 8-2004, shall, upon the request of any patient who has been treated by such physician or practitioner, permit such patient's physician or authorized attorney or the holder of a Consent pursuant to Section 2-1003 to examine and copy the patient's records, including but not limited to those relating to the diagnosis, treatment, prognosis, history, charts, pictures and plates, kept in connection with the treatment of such patient.



# Soundview HealthCare Network

## Comprehensive Community Development Corp.

731 White Plains Road, Bronx, New York 10473 • (718) 589-2232 • Fax: (718) 378-2880

**Pedro Espada, Jr.**
**President & Founder**

**Soundview Health Center**
731 White Plains Road
Bronx, New York 10473
Admin: (718) 589-2232
Fax: (718) 378-2880
Appointments
(718) 589-8324
Clinical Fax
(718) 617-4345
**Soundview Dental Services**
(718) 893-3905
**Volunteer Services**
(718) 589-2232

**Delany Sisters Health Center**
2727-33 White Plains Road
Bronx, New York 10467
(718) 652-3387
Fax (718) 654-9710`

**Burnside Medical Center**
165 East Burnside Avenue
Bronx, New York 10453
(718) 563-0003
Fax (718) 563-9054

**Jessica Guzman Medical Center**
614-18 Castle Hill Avenue
Bronx, New York 10473
(718) 239-9013
Fax (718) 794-0468

**Diallo Medical Center**
1760 Westchester Avenue
Bronx, New York 10472
(718) 892-8474
Fax (718) 892-4311

**TO: Dana Wyche**        **FAX#: (202) 260-9557**

**FROM: Lynn A. Adams, Esq.**        **FAX#: 718-378-2880**

**SATELLITE:**        **PHONE#:718-589-2232**

**DATE: April 12, 2007**

**SUBJECT: Tia Walker**

Number of Pages, Including Cover Sheet:  10

[ ] URGENT      [X] FOR REVIEW      [ ] PLEASE COMMENT
[ ] PLEASE REPLY      [ ] CIRCULATE

**COMMENTS:**      **Please see attached last communication with  counsel.**

*'With You Every Step of the Way!"*
*!Contigo en Cada Paso del Camino!"*

THIS FACSIMILE TRANSMISSION MAY CONTAIN CONFIDENTIAL MATERIAL INTENDED FOR THE USE OF THE INDIVIDUAL(S) NAMED ON THE TRANSMISSION SHEET.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELATION TO THE CONTENTS OF THIS FASCIMILE TRANSMISSION IS STRICTLY PROHIBITED.   IF YOU HAVE RECEIVED THIS TRANSMISION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY.

McMAHON, MARTINE & GALLAGHER, LLP

COUNSELORS AT LAW

90 BROAD STREET

NEW YORK, N.Y. 10004

LONG ISLAND OFFICE
99 TULIP AVENUE·
SUITE 305
FLORAL PARK, N.Y. 11001
(516) 358-1108
FAX (516) 358-0274

(212) 747-1230

FAX (212) 747-1239

NEW JERSEY OFFICE
226 ST. PAUL STREET
WESTFIELD, N.J. 07090
(908) 654-8000
FAX (908) 654-8594

January 31, 2007

The Frontier Insurance Company
195 Lake Louise Marie Road
Rock Hill, NY 12775-8000

Attn: Joan Smith     845-807-5209
Claim Examiner

Re:     **The Frontier Insurance Company in Rehabilitation
Walker/Green v. Dawn Dawson, M.D. and Comprehensive
Community Development d/b/a Soundview Health Center**
**Frontier Claim #     :     05S24811**
**Our File #     :     228.0077**

Dear Ms. Smith:

We attended depositions of plaintiff Tia Walker (mother of infant plaintiff Mahogany Green) that were held the office of her attorneys Gersowitz, Libo & Korek on January 17 and 23, 2007. As you know, we are representing defendant/assureds Soundview Health Center and Dr. Dawn Dawson in this action which involves multiple co-defendants. The overall claims pertained to an alleged failure to timely diagnose and treat a renal condition of the infant Mahogany Green leading to related kidney failure problems that necessitated a renal transplant, premature dialysis, etc. According to the BP, the infant has suffered from exacerbation of end-stage renal disease, dyspnea, multiple infections, immunosuppressant disorder along with the potential for hyperlipidemia, metabolic bone disease and chronic allograft nephropathy. There are also claims for psychological embarrassment and depression.

According to the records that we received from Soundview Health Center, it would appear that the infant was only seen there on one occasion with regard to the alleged malpractice by Dr. Dawson. This occurred on 2/17/99. According to history, the child had a long standing history of bedwetting of approximately 5 years. It would appear that various earlier treatment did not produce any improvement.

The records indicate that Dr. Dawson ordered a CBC and routine lab work. The lab results revealed a low hemoglobin, low hematocrit, low RBC (red blood count) and low MCV (mean corpuscular volume). We plan to have any significance of these records and test results

Re: Walker/Green
January 31, 2007

reviewed by an eventual expert. The records also reveal that Dr. Dawson referred the infant to co-defendant Dr. Bhagwant Gill for pediatric neurology consultation.

Ms. Walker was represented by Michael Fruhling, and stenographic services were provided by Quick Reporting. During her initial EBT, she was questioned exclusively by Suzanne Rapisarda of Ellenberg & Rigby who represent co-defendants ThrogsNeck Multi-Care and Dr. Louis Rose.

## INITIAL EBT OF PLAINTIFF TIA WALKER

Tia Walker is a 40 year-old black female who projected as a likeable, neatly attired and equally sincere witness. She has never married but lives with her two daughters, Mahogany Green and Tiarri Duffy on Deely Avenue in the Bronx. Richard Green is Mahogany's natural father, but very rarely sees his daughter. Nevertheless, he provides child support and pays for Mahogany's healthcare with GHI. Ms. Walker last worked as a Customer Field Representative for Con Edison back in 1998.

Mahogany was born by normal vaginal delivery at Our Lady of Mercy Hospital on September 5, 1987 and has always resided with her mother. The pregnancy was uneventful and for that matter, Tia never noticed any problems with her daughter until Mahogany was about 7 or 8 years of age. During those early years, Mahogany would have been seen at the assured Soundview Health for general check-ups and immunization shots. Ms. Walker could not recall the name of the female pediatrician at that time other than to say it was not the assured Dr. Dawson.

Mahogany attended Holy Cross School in the Bronx from kindergarten to the 4th grade with no known physical problems nor any learning disabilities. Thereafter she attended at P.S. 72, then I.S. 192 and then Herbert Lehman High School, which she graduated on time with her class. Mahogany then started at the College of New Rochelle which she was to reenter on the Monday after her mother's EBT.

Ms. Walker recalled Mahogany beginning to bed wet when the infant was 7 or 8 years of age. This would occur about 2 or 3 days per week, and she was told on at least two occasions by the unidentified pediatrician at Soundview that this was normal for children. She believes that they did some blood urine and blood testing, which came back with negative results. No medications were prescribed by those at Soundview during those early years of Mahogany's childhood.

Around the same time, the child would be seen by pediatricians at a location on Rosedale Avenue whenever she got sick until that place closed, which would have been when Mahogany was around 8 years of age. This treatment would have been for fevers, a sore throat, etc. Usually, when Mahogany went to Soundview during those early years merely for check-ups and immunizations. Tia said that her daughter was toilet trained at 1 or 2 years of age without any problems.

pediatrician on Watson Avenue.

Thereafter, Tia took Mahogany to see Dr. Dawson at the Soundview facility located on White Plains Road. She estimated that this may have been a year after the last visit to the unknown pediatrician on Watson Avenue.

Plaintiff believed that Mahogany was about 11 years of age the first time she was seen by Dr. Watson. Her daughter was about to start menstruating and she did not want her to also be bedwetting when this occurred. She testified regarding "two visits" to Dr. Dawson with her daughter. If so, we only have the records of one visit on 2/17/99, which was difficult enough to obtain. Also, at plaintiff's later EBT, she said it was possible that Mahogany was only seen once by Dr. Dawson.

The plaintiff said that after doing an examination, Dr. Dawson gave her some type of monitoring device that was to be placed on Mahogany's underwear when she was sleeping. Supposedly, the monitor would have wakened the child whenever it was necessary to use the bathroom. However, it irritated Mahogany, wherein the infant would scratch the area where the monitor had been placed and the mother would move it to a more comfortable location. When this occurred, the infant would no hear the monitor, and thus wet the bed. She would not know if she ever informed Dr. Dawson about this.

During the "second visit" to Dr. Dawson's office, the assured referred the mother and the infant to co-defendant Dr. Gill, a "urine specialist". At this point, the plaintiff changed her testimony somewhat by saying that she had told Dr. Dawson that the monitor was not working. She did not recall being given the results of any blood work that had been arranged by Dr. Dawson.

Mahogany's grandmother, Ann Walker, then brought her to Dr. Gill's office about a month or so after the infant last saw Dr. Dawson. Tia as told by her mother that Dr. Gill had pressed on the child's abdomen and gave some type of prescription for the bedwetting. She doubted that Dr. Gill did any blood or urine testing during the first visit, but was not there, so it is hard to see how she can say this.

The prescription by Dr. Gill was filled and Mahogany took the medication on a daily basis. Tia believes that her daughter's second visit to Dr. Gill for the bedwetting was a month or so later. This time she accompanied her daughter and told Dr. Gill that the medication was not

*EXHIBIT B*

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Starice Briggs, et al. v. West Suburban Hospital Medical Center , et al.*, No. 07 L 000064 (Circuit Court of Cook County, Illinois) and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the defendant PCC Community Wellness Center was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

Date:    May 14, 2007